

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:          Attention of T. M. Trimble

Opinion No. O-2212
Re: Under the facts set forth, will the
person elected to the place of county
superintendent at the forthcoming general
election serve for a four-year period or
until 1942, which is the time the four-
year term to which Mr. Newton was elected
will have expired?

We have received your letter requesting the opinion
of this department upon the above stated question. Your letter
reads as follows:

"According to Opinion No. O-1664, which was
rendered by your Assistant, Mr. Pat Coon, one ap-
pointed to the office of county superintendent by
the Commissioners' Court fills the vacancy until
the next general election. In the case consider-
ed in this opinion there would still remain two
years of the elected term, as the county superin-
tendent is elected for four years and the vacancy
was filled by the Commissioners' Court, until the
next general election.

"The term of the office of the now deceased
County Superintendent of Milam County, Mr. Guy T.
Newton, would have expired in 1942. Mrs. Newton
was appointed by the Commissioners' Court to fill
the vacancy created by the death of her husband.

"As the above mentioned opinion holds that the
will and power of the people must prevail to name

an incumbent at the next general election, will
the person elected to the place of county super-
intendent at the forthcoming general election
serve for a four-year period, or will such a per-
son serve until 1942, which is the time the four-
year term, to which Mr. Guy T. Newton was elect-
ed, will have expired?"

Our opinion No. O-1664, referred to in your letter,
holds that one appointed to the office of county superinten-
dent by the commissioners' court fills such vacancy only until
the next general election. The only question with which we
are concerned in this opinion is as stated above.

The Constitution of Texas, Article 16, Section 27,
provides:

"In all elections to fill vacancies of of-
fice in this State, it shall be to fill the un-
expired term only."

The Legislature, to give effect to Article 16, Sec-
tion 27 of the Constitution, supra, enacted Article 20, Ver-
non's Civil Statutes, which reads as follows:

"All elections to fill vacancies in office
shall be to fill the unexpired term only."

Also see Ricks vs. Curl, 38 Civ. App. 445, 86 SW
368.

In view of the foregoing authorities, you are respect-
fully advised that it is the opinion of this department that
the person elected to county school superintendent at the forth-
coming general election, under the circumstances set out in your
letter, will be elected to further fill the vacancy in office
created by the death of Mr. Newton, that is, until the general

Honorable L. A. Woods, Page 3


election in 1942, when Mr. Newton's term would have expired.

Trusting that this satisfactorily disposes of your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By D. Burle Daviss

D. Burle Daviss
Assistant

DBD:AW

APPROVI
OPINIO
COMMITT
BY
CHAIRMA